O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

AVANTI EZZANI-KOTUN,                    )    Case No. CV 12-9920-MMM (OP)
                                        )
                  Plaintiff,            )
                                        )
            v.                          )    ORDER RE: DISMISSAL OF CIVIL
                                        )    RIGHTS COMPLAINT FOR FAILURE
CITY OF INGLEWOOD, et al.,              )    TO PROSECUTE
                                        )
                  Defendants.           )
                                        )
_____)

## I.

## PROCEEDINGS

On December 7, 2012, Avanti Ezzani-Kotun ("Plaintiff") filed a *pro se* Civil

Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983.  (ECF No. 3.)  On

February 21, 2013, the City of Inglewood and Inglewood Police Department (collectively

"Defendants") filed an Answer to the Complaint.  (ECF No. 8.)  On March 13, 2013, the

Court issued its Order Re: Discovery and Motions.  (ECF No. 10.)

On November 5, 2013, Defendants filed a Motion for Summary Judgment

("MSJ"), along with supporting declarations and exhibits, and a separate Statement of

Uncontroverted Facts and Conclusions of Law.  (ECF No. 14.)  On November 8, 2013,

the Court issued a notice to Plaintiff pursuant to Rand v. Rowland, 154 F.3d 952, 961 n.8

(9th Cir. 1998), Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988), and T.W.

1

1    Elec. Serv., Inc., v. Pac. Elec. Contractors Assoc., 809 F.2d 626, 630-31 (9th Cir. 1987).

2    At that time, Plaintiff was given until December 13, 2013, to file an Opposition to

3    Defendants' MSJ.  (ECF No. 15.)

4           On November 29, 2013, Plaintiff requested an extension of time to file his

5    Opposition.  (ECF No. 16.)  On December 6, 2013, the Court granted Plaintiff's request

6    for an extension and allowed him until January 10, 2014, to file an Opposition.  (ECF No.

7    17.)  On January 21, 2014, Plaintiff's copy of the December 6, 2013, order was returned

8    undelivered.  (ECF No. 18.)  On January 29, 2014, the Court issued an order allowing

9    Plaintiff until February 28, 2014, to file an Opposition to the MSJ, informing Plaintiff of

10   his obligation to notify the Court of his current mailing address, and cautioning him that

11   failure to file an Opposition to the MSJ may be deemed consent to the granting of the

12   motion.  (ECF No. 19.)  Plaintiff did not file an Opposition to the MSJ.

13          On March 7, 2014, the Court issued its Report and Recommendation of United

14   States Magistrate Judge ("Report and Recommendation"), recommending that

15   Defendant's Motion to Dismiss be granted and that Judgment be entered dismissing the

16   Complaint with prejudice.  (ECF Nos. 20, 21.)  The Report and Recommendation was

17   send to Plaintiff's previous address at the California Rehabilitation Center in Norco.

18   However, on November 29, 2013, Plaintiff informed the Court of his new address at the

19   RJ Donovan Correctional Facility, 480 Alta Road, San Diego, California 92179.  (ECF

20   No. 16.)  As a result, the Court re-sent the Notice of Filing, the Report and

21   Recommendation, and an Amended Notice of Filing to Plaintiff at RJ Donovan.  (ECF

22   No. 20-22.)  On March 25 and 27, 2014, the aforementioned documents were returned to

23   the Court as undeliverable with the notation "RETURN TO SENDER-Inactive-2/13/14-

24   Discharged."  (ECF Nos. 23-26.)  To date, Plaintiff has not provided the Court with his

25   current address and has not otherwise communicated with the Court.

26          The Local Rules of this Court provide in pertinent part that:

27                 **Dismissal - Failure of Pro Se Plaintiff to Keep Court Apprised**

28                 **of Current Address.**  A party proceeding *pro se* shall keep the

2

1    Court and opposing parties apprised of such party's current
2    address and telephone number, if any, and e-mail address, if any.
3    If mail directed by the Clerk to a pro se plaintiff's address of
4    record is returned undelivered by the Postal Service, and if, within
5    fifteen (15) days of the service date, such plaintiff fails to notify,
6    in writing, the Court and opposing parties of said plaintiff's
7    current address, the Court may dismiss the action with or without
8    prejudice for want of prosecution.

9    C.D. Cal. R. 41-6.

10   For the reasons set forth below, the Court finds that dismissal of this action is
11   warranted for failure to prosecute.

## II.

## DISCUSSION

14   It is well established that a district court has authority to dismiss a plaintiff's action
15   because of his or her failure to prosecute or to comply with court orders.  See Fed. R. Civ.
16   P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d
17   734 (1962) (holding that a court's authority to dismiss for lack of prosecution is
18   necessary to prevent undue delays in the disposition of pending cases and to avoid
19   congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258,
20   1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to
21   comply with any order of the court).

22   Here, Plaintiff has failed to notify the Court of his current address within fifteen
23   days of the service date of the undelivered notices described above as required by Local
24   Rule 41-6.  His failure to keep the Court apprised of his current address renders this case
25   indistinguishable from Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988).  There, in
26   affirming the district court's dismissal of a case for failure to prosecute, the Ninth Circuit
27   observed that "[i]t would be absurd to require the district court to hold a case in abeyance
28   indefinitely just because it is unable, through the plaintiff's own fault, to contact the

plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not." Id.

In Carey, the Ninth Circuit cited the following factors as relevant to the district court's determination of whether dismissal of a pro se plaintiff's action is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440.

Here, Plaintiff has failed to provide the Court with his current address and has not otherwise communicated with the Court. Plaintiff's conduct indicates that he does not intend to litigate this action diligently. Thus, these facts weigh in favor of dismissal.

Next, a rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted here. Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). By failing to provide the Court with his current address, Plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to provide the Court with his current address. Thus, the fourth factor weighs in favor of dismissal.

Finally, the Court attempted to avoid dismissal by re-sending the Report and Recommendation to Plaintiff's most recent address. However, the mail was returned indicating that Plaintiff was discharged from custody on February 13, 2014. Plaintiff has not informed the Court of his current address and has not otherwise communicated with the Court. Thus, the fifth factor weighs in favor of dismissal.

Based on the foregoing, the Court finds that dismissal of this action is warranted

4

1   for failure to prosecute.

2                                      **III.**

3                                    **ORDER**

4        IT IS THEREFORE ORDERED that the Complaint is hereby dismissed without

5   prejudice for failure to prosecute, and Judgment shall be entered accordingly.

6

7   DATED: May 24, 2014

8                                      HONORABLE MARGARET M. MORROW
                                       United States District Judge

9

10  Presented by:

11

12

    HONORABLE OSWALD PARADA
13  United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28